# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISON

| | |
|---|---|
| RE: MICHAEL ACKLEY, DEBTOR | ) JUDGE: JACK B. SCHMETTERER |
| | ) CHAPTER 13 |
| MICHAEL ACKLEY, PLAINTIFF | ) BK CASE NO. 11 B 13690 |
| | ) |
| V. | ) ADV. CASE NO. 11 A 01051 |
| GREAT LAKES CREDIT UNION | ) |
| OLD REPUBLIC INSURANCE CO. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 10, 2011, the Verified Complaint of Michael Ackley, the Plaintiff in this adversary action and the debtor in a voluntary bankruptcy case before this court came before this Court for hearing upon proper notice. This Court, having review and considered the Verified Complaint and Exhibits thereto and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### ~~~~~~~~~~~ - DEFAULT

1. That on March 31, 2011, the Plaintiffs filed a voluntary petition pursuant to Chapter 13 of Title 11, United States Code.

2. That on May 10, 2011 Plaintiffs filed a complaint to determine the validity of Defendant's lien on Plaintiffs' property located at 112 New Castle Court; Rolling Meadows, Illinois 60008.

3. That on May 10, 2011 the Clerk of this Court issued a Summons which required the Defendant to serve an Answer or other responsive pleading within thirty days of the date of issuance of the Summons by the Clerk.

4. That on May 10, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified U.S. Mail, postage prepaid to the Defendant at Vikki Kaiser, President; Great Lakes Credit Union; 2525 Green Bay Road; North Chicago, Illinois 60064. Leonard Milazzo; President; Old Republic Insurance Company c/o: Old Republic Equity Credit Services, Inc. (Servicing Agent for Old Republic Insurance Company); 307 North Michigan Avenue; 15th Floor; Chicago, IL 60601.

5. The alias summons and complaint sent to: Vikki Kaiser, President; Great Lakes Credit Union; 2525 Green Bay Road; North Chicago, Illinois 60064

were received by Defendant by Jim Prater at that address on May 12, 2011. Exhibit A.

6. The alias summons and complaint sent to: Leonard Milazzo; President; Old Republic Insurance Company c/o: Old Republic Equity Credit Services, Inc. (Servicing Agent for Old Republic Insurance Company); 307 North Michigan Avenue; 15th Floor; Chicago, IL 60601 were received by Defendant by ARFS (see signature) at that address after May 10, 2011and before the filing of this motion. Exhibit B.

7. Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the entry of a default against a party for failure to answer or otherwise plead to a complaint.

8. No Answer or Responsive Pleading has been filed in the case by any of the defendants.

9. 28 U.S.C. Rule 55 states that the court may enter an order of default where…In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

10. Because proper notice has been given both as to the original complaint and as to the motion for default, the plaintiff Michael Ackley is eligible to receive a default judgment against the defendant, Great Lakes Credit Union and Old Republic Insurance Company in this action.

## *COUNT II* – AVOID AND CANCEL WHOLLY-UNSECURED LIEN

1. The Debtor owned an improved parcel of residential real estate located at 112 New Castle Court; Rolling Meadows, Illinois 60008 which has a legal description as follows:

THE SOUTHWESTERLY 28.30 FEET OF THE NORTHWESTERLY 87.05 FEET (AS MEASURED AT RIGHT ANGLES TO THE SOUTHEASTERLY LINE THEREOF) OF LOT 172, IN MEADOW EDGE UNIT 3A, BEING A RESUBDIVISION IN THE SOUTH ½ OF THE SOUTHEAST ¼ OF SECTION 27, TOWNSHIP 42 NORTH, RANGE 10, EAST OF THE THIRD PRINCIIPAL MERIDIAN, ACCORING TO THE

PLAT THEREOF RECORDED IN THE OFFICE OF THE REGISTRAR OF TITLE OF COOK COUNTY ILLINOIS ON NOVEMBER 7, 1979 AS DOCUMENT NUMBER 3129764, IN COOK COUNTY, ILLINOIS PARCEL 2: EASEMENT APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 1 AS SET FORTH AND DEFINE IN THE DELCARATION OF EASEMENTS FILED AS DOCUMENT NO. LR 2797429 AND LR 2797430 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.

Permanent Index Number: 02-27-414-181-0000

2. The Real Property is the debtor's principal residence.

3. The Debtor is indebted to certain creditors holding mortgage liens against the real property as follows:

| Creditor | Date Lien was Established | Amount Owing |
|---|---|---|
| a. M.E.R.S. Inc. as Nominee for American Home Mortgage now assigned to Wells Fargo Bank, N.A. | April 20, 2007 | $215,786.04 |
| b. Great Lakes Credit Union now assigned to Old Republic | July 26, 2007 | $82,000.00 |

4. Upon information and belief, the mortgage lien having a recording date of May 3, 2007 ("Mortgage A") was given in connection with a note dated April 20, 2007, having an original principal balance in the amount of $221,250.00 Upon information and belief, this note is held by M.E.R.S. Inc. as Nominee for American Home Mortgage. This note and mortgage were assigned to Wells Fargo Bank, N.A. May 3, 2010 via document #1012326060, see Exhibit A.

5. The mortgage lien having an unknown recording date of August 29, 2007 and after Mortgage A ("Mortgage B") was given in connection with the note dated July 26, 2007, having an original principal balance in the amount of $73,750.000. This note is held by Great Lakes Credit Union. Great Lakes Credit Union Assigned the note and mortgage to Old Republic on April 27, 2010 via document #1011739016, see Exhibit B.

6. Pursuant to an appraisal produced by Sara Chambers of PF Appraisal; the appraised fair market value of the Real Property is only $175,000 as found in Exhibit C.

1. Bankruptcy Rule 3012 allows this court to value the real estate in questions.

2. 11 U.S.C. §1322 says that lien upon residential real estate used as a debtor's primary residence cannot be modified. 11 U.S.C. §1322 says that a wholly-unsecured lien can be avoided and cancelled – sometimes referred to as stripping the lien from the real estate - regardless of whether the lien is attached to residential real estate used as a debtor's primary residence. §1322 goes on to say that there must be absolutely no equity of any kind in the lien to be cancelled at

the time of valuation. Therefore, the lien must be wholly-unsecured to be avoided and cancelled.

3. 11 U.S.C. §506 says that the wholly unsecured lien can be cancelled upon a showing that the lien is wholly unsecured subject to the limitation that in a Chapter 13 Bankruptcy Case, the lien cannot be cancelled until the successful completion of the Chapter 13 Case.

4. In this case, the total amount due on the first mortgage is more than the value of the property meaning that are junior liens to the first mortgage are wholly-unsecured and should be allowed to be avoided and cancelled upon the successful completion of this Chapter 13 Bankruptcy.

WHEREFORE; the Plaintiff, Michael Ackley now requests that default order be entered by this court against the defendants and that an order allowing the avoidance and cancelling of the wholly-unsecured lien on Plaintiff's Real Estate. An order is attached as proposed for the avoidance and cancelling of the lien. The default order has already by entered by minute order by this court.

DATED: 7/26/11         ENTER:

(X) _____
Jack B. Schmetterer
United States Bankruptcy Judge

Submitted by:

David C. Nelson
Nelson Law Office
53 West Jackson Boulevard
Suite 1028
Chicago, IL 60604-3648
T: 312-212-1977